UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No. | LA CV15-08048 JAK (RAOx) | Date | April 15, 2019 |
| Title | Tradeline Enterprises Pvt. Ltd. v. Jess Smith & Sons Cotton, LLC, et al. | | |

| Present: The Honorable | JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Andrea Keifer | | Not Reported |
| Deputy Clerk | | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS) ORDER RE DEFENDANTS JESS SMITH & SONS COTTON, LLC AND J.G. BOSWELL COMPANY'S JOINT MOTION TO AMEND JUDGMENT TO ADD ADDITIONAL JUDGMENT DEBTORS (DKT. 96)

### I.   Introduction and Factual and Procedural History

Tradeline Enterprises Pvt. Ltd. ("Tradeline" or "Plaintiff") brought this action against Jess Smith & Sons Cotton, LLC ("Jess Smith Cotton") and J.G. Boswell Company ("Boswell") (collectively, "Defendants"). The Complaint alleges that Defendants violated the Sherman Act, 15 U.S.C. §§ 1, 15, by conspiring with a non-party, the Supima Association of America (the "Supima Association"), to cause Tradeline to lose its license with the Supima Association. Complaint, Dkt. 1. The license had permitted Tradeline to sell yarn using the Supima® brand. *Id.*

Final judgment was entered on August 2, 2018 (Dkt. 87) following the issuance of an order (the "Confirmation Order" (Dkt. 82)) confirming an arbitration award. The factual and procedural background of this action are detailed in the Confirmation Order, which is incorporated here by this reference. A brief summary of this background follows to provide the necessary context for the matters addressed in this Order.

On July 29, 2016, an order was issued granting Defendants' motions to compel arbitration of Plaintiff's Sherman Act claims. Dkt. 60. Between February 26 and March 3, 2018, arbitration proceedings were held before a three-member Tribunal in Toronto, Canada. Confirmation Order, Dkt. 82 at 6. On April 10, 2018, the Tribunal issued a 150-page final award. *Id.*; *see* Dkt. 77-2 at 5 ("Award"). The Award found that Plaintiff had failed to establish its antitrust claims against Defendants and the Supima Association. *See* Confirmation Order, Dkt. 82 at 6-7. The Tribunal awarded attorney's fees and costs to Defendants and the Supima Association in the following amounts:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV15-08048 JAK (RAOx) | | Date | April 15, 2019 |
|---|---|---|---|---|
| Title | Tradeline Enterprises Pvt. Ltd. v. Jess Smith & Sons Cotton, LLC, et al. | | | |

| Respondent | Attorney's Fees Awarded | Costs Awarded[1] | Total Sum Awarded[2] |
|---|---|---|---|
| Jess Smith Cotton | $2,583,000 | $942,000 | $3,525,000 |
| Boswell | $1,197,000 | $932,000 | $2,129,000 |
| The Supima Association | $2,338,000 | $942,000 | $3,280,000 |
| **TOTALS** | **$6,118,000** | **$2,816,000** | **$8,934,000** |

Confirmation Order, Dkt. 82 at 7; Award § 10.3.16.

On July 10, 2018, the Confirmation Order was issued. Dkt. 82. It confirmed that Defendants could obtain the amounts of fees and costs stated above. Accordingly, on August 2, 2018, judgment was entered providing that Defendants were entitled to payment from Tradeline in the amounts of $3,525,000 to Jess Smith and $2,129,000 to Boswell, plus compound interest at the rate of 6% as to each payment. Dkt. 87. On August 15, 2018, Tradeline filed a notice of appeal. Dkt. 88. Since that time, all Ninth Circuit briefing has been completed and oral argument has been scheduled for June 6, 2019. *See Tradeline Enters. Pvt. Ltd. v. Jess Smith & Sons Cotton, LLC*, No. 18-56101, ECF No. 42 (9th Cir. Mar. 24, 2019).

On December 19, 2018, Defendants filed a motion to amend the judgment (the "Motion"). Dkt. 96. Through the Motion, Defendants request that Arrowhead Capital LLC be added as a judgment debtor. The basis for this request is that this entity was Tradeline's litigation funder and, in that capacity, controlled the litigation and facilitated a fraud on the arbitration Tribunal regarding Tradeline's ability to pay an award of costs. The memorandum in support of the Motion states that if Tradeline disputes that Arrowhead Capital LLC is its litigation funder, discovery should be permitted under Fed. R. Civ. P. 69(a)(2). Tradeline filed an opposition to the Motion (Dkt. 102),[3] and Defendants replied. Dkt. 104.

A hearing on the Motion was conducted on April 1, 2019, and it was taken under submission (Dkt. 106); provided, however, the parties were required to file a joint report with respect to certain issues raised by the Motion that were addressed at the hearing. They did so on April 8, 2019 (the "Joint Report"). Dkt. 110. For the reasons stated in this Order, the Motion is **DEFERRED IN PART AND GRANTED IN PART**. It is **DEFERRED** as to the request to amend the judgment. It is **GRANTED IN PART** as to the request to authorize discovery under Fed. R. Civ. P. 69(a)(2). Any disputes regarding the scope of discovery shall be presented to Magistrate Judge Oliver.

---

[1] The costs awarded are comprised of expert and arbitration-related costs.
[2] These sums "shall bear compound interest at a rate of 6%, from the date of this Award, with half yearly rests, until payment." Award § 11.1.1.
[3] Tradeline's request to file an untimely opposition (Dkt. 103), which Defendants opposed (Dkt. 105), is **GRANTED**. The issues presented by the Motion warrant evaluation on the merits. Defendants were not prejudiced by Tradeline's late filing because Defendants' counsel had two weeks to file a reply brief, as well as several weeks to prepare for the hearing on the Motion after all the filings were made. In the future, counsel shall adhere to the terms of Court orders, including the Standing Order.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV15-08048 JAK (RAOx) | Date | April 15, 2019 |
|---|---|---|---|
| Title | Tradeline Enterprises Pvt. Ltd. v. Jess Smith & Sons Cotton, LLC, et al. | | |

**II.     Analysis**

  A.  Legal Standards

Fed. R. Civ. P. 69(a) provides that "[t]he procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." This rule "empowers federal courts to rely on state law to add judgment-debtors . . . , which permits judgment creditors to use any execution method consistent with the practice and procedure of the state in which the district court sits." *In re Levander*, 180 F.3d 1114, 1120-21 (9th Cir. 1999) (internal citation and quotation marks omitted); *see also Katzir's Floor & Home Design, Inc. v. M-MLS.com*, 394 F.3d 1143, 1148 (9th Cir. 2004). Fed. R. Civ. P. 69(a)(2) provides that "[i]n aid of the judgment or execution, the judgment creditor or a successor in interest whose interest appears of record may obtain discovery from any person— including the judgment debtor—as provided in these rules or by the procedure of the state where the court is located." Discovery under Rule 69 is "quite permissive." *Republic of Argentina v. NML Capital, Ltd.*, 573 U.S. 134, 138 (2014).

Cal. Code Civ. Proc. § 187 ("CCP 187") authorizes a court to amend a judgment to add judgment debtors. It provides:

> When jurisdiction is, by the Constitution or this Code, or by any other statute, conferred on a Court or judicial officer, all the means necessary to carry it into effect are also given; and in the exercise of this jurisdiction, if the course of proceeding be not specifically pointed out by this Code or the statute, any suitable process or mode of proceeding may be adopted which may appear most conformable to the spirit of this code.

"To amend a judgment under [CCP] 187, two requirements must usually be met: (1) that the new party be the alter ego of the old party and (2) that the new party had controlled the litigation, thereby having had the opportunity to litigate, in order to satisfy due process concerns." *Levander*, 180 F.3d at 1121 (internal citation and quotation marks omitted). However, the Ninth Circuit has followed the line of California Court of Appeal authority that holds that, in certain cases, "a finding that the [new judgment debtor] was the alter ego of the [existing one] [is] not required." *Id.* at 1122.[4] The purpose of a CCP 187 amendment is not to "add a new [party]" but rather to "insert[] the correct name of the real [party]." *Id.* (quoting *Carr v. Barnabey's Hotel Corp.*, 23 Cal. App. 4th 14, 21 (1994)).

  B.  Application

    1.  Addition of Arrowhead Capital LLC as Judgment Debtor

The Motion is **DEFERRED** with respect to the request to add Arrowhead Capital LLC as a judgment debtor. Tradeline's opposition is supported by a declaration stating that Arrowhead Capital LLC "is

---

[4] The Ninth Circuit "recognize[d] that there is California case authority to the contrary." *Levander*, 180 F.3d at 1122 n.11. *Levander* determined that the authority permitting a CCP 187 amendment without an alter ego finding was "better reasoned" and represented "the path the California Supreme Court would follow." *Id.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV15-08048 JAK (RAOx) | Date | April 15, 2019 |
| Title | Tradeline Enterprises Pvt. Ltd. v. Jess Smith & Sons Cotton, LLC, et al. | | |

defunct." Declaration of Mark Jacobs, Dkt. 102-2 ¶ 3. Defendants' reply brief does not dispute this representation. At the hearing on the Motion, Defendants' counsel confirmed that "the real question" that is now presented involves the request for discovery under Fed. R. Civ. P. 69(a)(2). *See* Transcript of April 1, 2019 Proceedings ("April 1 Transcript"), Dkt. 108 at 11-12; *see also* Reply, Dkt. 104 at 11 ("Defendants respectfully request that the Court grant their request for leave to conduct discovery to ascertain the exact identity of Tradeline's litigation funder and the extent to which the funder controlled Tradeline's litigation efforts."). Therefore, it is appropriate to defer the Motion as to the request to add a specific individual or entity as a judgment debtor in light of the absence of any dispute that the evaluation of such a request will require the presentation of certain evidence.[5] However, any request to renew the Motion on this issue shall be presented through an application filed with an updated memorandum of points and authorities that states the factual and legal bases for adding any particular person(s) as judgment debtor(s). Any opposition to such an application shall be filed within 14 days of the service of the application. Any reply shall be filed within 7 days of the service of the opposition.

        2.        <u>Request for Discovery Under Fed. R. Civ. P. 69(a)(2)</u>

Tradeline contends that certain threshold considerations bar Defendants' request for discovery under Fed. R. Civ. P. 69. Tradeline's position that no discovery should be permitted is not persuasive; provided, however, certain considerations warrant limiting the scope of discovery at this time, and any specific disputes regarding discovery shall be presented to Magistrate Judge Oliver.

        a)        Whether the Pending Appeal of the Judgment Divests the Court of Jurisdiction to Add a Judgment Debtor

Tradeline contends that its appeal of the final judgment "stays the judgment." Opposition, Dkt. 102 at 19.[6] This position is unpersuasive. A judgment is only stayed pending appeal where the judgment debtor has posted a supersedeas bond. *See* Fed. R. Civ. P. 62(b). Unless the district court determines that such a bond is adequate, the judgment becomes enforceable, and proceedings related to execution of the judgment are appropriate, 30 days after the entry of the judgment. Fed. R. Civ. P. 62(a); *see* 11 Wright & Miller, *Federal Practice & Procedure* § 2905 & n.19 (3d ed.) ("In the absence of a stay obtained in accordance with Rule 62[(b)], the pendency of an appeal does not prevent the judgment creditor from acting to enforce the judgment.") (citing *United States v. $2,490.00 in U.S. Currency*, 825 F.2d 1419, 1420-21 (9th Cir. 1987)).

Tradeline also contends that litigation of the issues presented by the Motion "would interfere with the appeal" because it would "undercut the proceedings before the Ninth Circuit." Opposition, Dkt. 102 at 14. Tradeline refers to Defendants' Motion as a request "for a merits ruling." *Id*. This position is also

---

[5] Because no dispute is presently addressed regarding the addition of Arrowhead Capital LLC to the judgment, it is unnecessary to address Tradeline's argument that there is no personal jurisdiction as to that entity. *See* Opposition, Dkt. 102 at 11-13.

[6] *See also* Opposition, Dkt. 102 at 10 ("Defendants have tellingly not taken legal action to force Tradeline to pay the costs and fees in the Arbitration Award while the judgment confirming that award is on a comprehensive appeal because they of course cannot by black letter law."); *id.* at 21 ("Pending [the] appeal, action cannot be taken to force Tradeline to pay a costs award."); *id.* at 22 ("There is no judgment to execute, as the judgment is currently pending appeal.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV15-08048 JAK (RAOx) | Date | April 15, 2019 |
|---|---|---|---|
| Title | Tradeline Enterprises Pvt. Ltd. v. Jess Smith & Sons Cotton, LLC, et al. | | |

unpersuasive. An appeal divests a district court of jurisdiction as to the merits of the issues from which the appeal has been taken. *See Mayweathers v. Newland*, 258 F.3d 930, 936 (9th Cir. 2001) (district court does not have jurisdiction "to adjudicate anew the merits of" a case that has been appealed; it does, however, retain jurisdiction "to act to preserve the status quo"). However, after a notice of appeal has been filed, a district court may proceed "in aid of execution of a judgment that has not been superseded." *In re Matter of Thorp*, 655 F.2d 997, 998 (9th Cir. 1981).

Other courts that have considered this issue have concluded, based on this consideration, that requests to add judgment debtors and/or to obtain discovery related to execution of a judgment fall within the scope of the actions that a district court may take after a notice of appeal has been filed. *See, e.g.*, *Brae Asset Funding, L.P. v. Applied Financial, LLC,* No. C 05-02490 WHA, 2006 WL 3497876, at *3 (N.D. Cal. Dec. 4, 2006) ("discovery in aid of [the] execution [of a judgment] is not precluded by the filing of an appeal" (quoting *Nat'l Serv. Indus., Inc. v. Vafla Corp.*, 694 F.2d 246 (11th Cir. 1982)); *Ryan Inv. Corp. v. Pedregal de Cabo San Lucas*, No. C 06-3219 JW (RS), 2009 WL 5114077, at *2 (N.D. Cal. Dec. 18, 2009) (citing *Brae*); *Nat'l Grange of the Order of Patrons of Husbandry v. California Guild*, No. CV 2:14-676 WBS DB, 2017 WL 823355, at *2 n.2 (E.D. Cal. Mar. 2, 2017) (the court has jurisdiction over the plaintiff's motion to amend judgment under CCP 187 during the pendency of the appeal because such a motion "merely seeks to insert the correct name of the real defendant to a judgment") (internal quotation marks and citation omitted); *Erickson Prods., Inc. v. Kast*, No. 5:13-CV-05472-HRL, 2017 WL 4419245, at *2-4 (N.D. Cal. Oct. 5, 2017), *appeal docketed*, No. 17-17157 (9th Cir. Oct. 23, 2017).

In light of the representations made by Defendants since the filing of the Motion, the only request made by Defendants that requires a decision at this time is to conduct discovery for the purpose of identifying an additional party that it contends should be added to the judgment under CCP 187. This is not a request for a merits determination on any issue presently pending before the Ninth Circuit. Therefore, the pendency of the appeal does not bar proceedings regarding the issues presented by the Motion.

That there is an appeal from the judgment does, however, present certain practical considerations with respect to party efficiency and judicial economy. Because no supersedeas bond has been posted and approved, Defendants are entitled to take appropriate steps to collect on the judgment. However, if Tradeline prevails on its appeal, any resources expended in the interim are, in retrospect, likely to have been unnecessary. Accordingly, it may be appropriate to defer certain responses to any particularly burdensome discovery requests until the appellate proceedings have concluded. That issue can only be addressed on a more complete record as to such issues.

Counsel are encouraged to proceed efficiently. The pending appeal is not a basis for a delay of high-priority issues for which focused discovery is appropriate. However, it may be a basis, for example, to limit discovery that would impose very substantial expenses on the part(ies) or counsel affiliated with Tradeline and its litigation funder. As discussed during the hearing on the Motion, the pendency of the appeal could also be a basis for limiting the scope of discovery once more information is available to Defendants. For example, if through initial discovery the identity of the litigation funder(s) and their present financial condition(s) are disclosed in sufficient detail, and if the latter shows that that there would be little financial risk to Defendants from a delay in adding such parties as judgment debtor(s)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV15-08048 JAK (RAOx) | Date | April 15, 2019 |
|---|---|---|---|
| Title | Tradeline Enterprises Pvt. Ltd. v. Jess Smith & Sons Cotton, LLC, et al. | | |

(should that be deemed appropriate), a pause or narrowing of discovery may be appropriate.[7]

        b)       Whether the Federal Arbitration Act Precludes Modification of the Judgment

Tradeline also argues that the Federal Arbitration Act ("FAA") limits the authority of a district court "to add a party to an award or to generally review the determinations made by the Tribunal." Opposition, Dkt. 102 at 16-18. This position is unpersuasive. Defendants request relief under Fed. R. Civ. P. 69 and its incorporation of the standards of CCP 187. The FAA authorizes a district court to modify an arbitration award "[w]here the award is imperfect in matter of form not affecting the merits of the controversy" and "to effect the intent [of the award] and promote justice between the parties." 9 U.S.C. § 11(c). If the standards of CCP 187 are satisfied here, the judgment can be amended. Whether the underlying basis for the judgment was an arbitration award is not material if those standards are satisfied. *See Internet Direct Response, Inc. v. Buckley*, No. SA CV09-1335 ABC, 2011 WL 835607, at *4 n.4 (C.D. Cal. Mar. 7, 2011) ("[A] federal judgment on an arbitration award must be treated like any other judgment pursuant to [CCP] 187."); *Greenspan v. LADT, LLC*, 191 Cal. App. 4th 486, 508 (2010) ("applying [CCP] 187 to court judgments but not to arbitration judgments . . . would improperly favor the enforcement of court decisions over arbitration awards").

        c)       Scope of Discovery

Tradeline also contends that "discovery is futile" because "no matter the facts uncovered by the discovery Defendants[] seek," the judgment should not be amended to include Tradeline's litigation funder. Opposition, Dkt. 102 at 22. Neither party has identified binding appellate authority addressing the addition of a litigation funder to a judgment under CCP 187, and the Court has found none. The cases that have addressed CCP 187 more generally, however, show that the inquiry is fact-sensitive and based on equitable considerations. Without more detailed information presented in the context of a request to add a specific funder, a determination cannot be made regarding whether the circumstances present in this action justify amending the judgment pursuant to CCP 187.

For these reasons, as to the merits relief sought in the Motion, that request may be renewed, if appropriate, on the basis of relevant information obtained through appropriate discovery. As a magistrate judge in the District of Colorado explained in addressing a request to obtain discovery related to amending a judgment to add a litigation funder, certain discovery can be justified where there is "a colorable argument that [the funder] should be held to be a party to the underlying litigation." *Stan Lee Media, Inc. v. Walt Disney Co.*, No. 12-CV-02663-WJM-KMT, 2015 WL 5210655 (D. Colo. Sept. 8, 2015). The argument for adding Tradeline's litigation funder is, at this stage, sufficiently "colorable" to permit some discovery.

---

[7] The Joint Report states that Plaintiff's counsel has agreed to identify the funder and to provide redacted versions of two funding agreements, but that the funder has not presently agreed to provide "information as to its financial condition." Joint Report, Dkt. 110 at 2. If Defendants contend that such financial information would be an appropriate issue on which to seek discovery, and no agreement is reached, this dispute is one that could be presented to Magistrate Judge Oliver.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV15-08048 JAK (RAOx) | Date | April 15, 2019 |
|---|---|---|---|
| Title | Tradeline Enterprises Pvt. Ltd. v. Jess Smith & Sons Cotton, LLC, et al. | | |

The Motion identifies several specific, planned discovery requests. *See* Dkt. 96-1 at 23-24. However, Defendants' counsel stated at the hearing that this "outline" was not intended to provide a final statement as to the scope of proposed discovery. *See* April 1 Transcript, Dkt. 108 at 15. Therefore, no specific discovery requests have been propounded at this time. This Order neither requires compliance with certain discovery requests nor forecloses an order requiring compliance. Rather, it determines that the scope of the discovery that is appropriate must be determined through the normal process of resolving discovery disputes. General Order 05-07, which governs magistrate judge responsibilities, states that "post-judgment discovery as provided by Fed. R. Civ. P. 69(a)" "shall be referred to the full-time Magistrate Judges." G.O. 05-07 at 2 ¶ 7. Accordingly, should any disputes arise with respect to discovery requests presented in connection with Defendants' efforts to enforce the judgment, they shall be presented initially to Magistrate Judge Oliver for resolution.

### III.    Conclusion

For the reasons stated in this Order, the Motion is **DEFERRED IN PART AND GRANTED IN PART**. It is **DEFERRED** as to the request to amend the judgment. Any request to renew the Motion on this issue shall be presented through an application filed with an updated memorandum of points and authorities that states the factual and legal bases for adding any particular person(s) as judgment debtor(s). Any opposition to such an application shall be filed within 14 days of the service of the application. Any reply shall be filed within 7 days of the service of the opposition. The Motion is **GRANTED IN PART** as to the request to authorize discovery under Fed. R. Civ. P. 69(a)(2). Any disputes regarding the scope of discovery shall be presented initially to Magistrate Judge Oliver.

**IT IS SO ORDERED.**

cc: Magistrate Judge Rozella A. Oliver

|  | : |  |
|---|---|---|
| Initials of Preparer | ak | |