Dominic Surprenant, SBN 165861
Michael L. Fazio, SBN 228601
Paul Slattery, SBN 285291
QUINN EMANUEL URQUHART
& SULLIVAN, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Tel: (213) 443-3000
Fax: (213) 443-3100
ds@quinnemanuel.com
michaelfazio@quinnemanuel.com
paulslattery@quinnemanuel.com

*Attorneys for Plaintiff
Tradeline Enterprises Pvt. Ltd.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| TRADELINE ENTERPRISES PVT. LTD., <br><br> Plaintiff, <br><br> v. <br><br> JESS SMITH & SONS COTTON, LLC; and J.G. BOSWELL COMPANY, <br><br> Defendants. | CASE NO.: 2:15-CV-08048 – JAK (RAOx) <br><br> Hon. John A. Kronstadt <br><br> **NOTICE OF MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO WITHDRAW AS PLAINTIFF'S COUNSEL** |

### NOTICE OF MOTION AND MOTION

**PLEASE TAKE NOTICE THAT** on September 30, 2019 at 9:30 am or as soon thereafter as the matter may be heard, before the Honorable John A. Kronstadt, at the above-captioned court, the law firm of Quinn Emanuel Urquhart & Sullivan ("Quinn Emanuel"), Counsel for Plaintiff Tradeline Enterprises Pvt. Ltd., will and hereby does move the Court for Leave to Withdraw, seeking, pursuant to Civil Local Rule 83-2.3.2, an order relieving it as counsel for Tradeline.

DATED: August 30, 2019

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By:: /s/ Dominic Surprenant
Dominic Surprenant
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017

*Attorneys for Plaintiff,*
*Tradeline Enterprises Pvt. Ltd.*

# MEMORANDUM OF POINTS AND AUTHORITIES

The Local Rules of the United States District Court for the Central District of California state that an attorney may not withdraw as counsel except by leave of court. L.R. 83-2.3.2. As such, the law firm of Quinn Emanuel Urquhart & Sullivan LLP ("Quinn Emanuel"), counsel of record for Plaintiff Tradeline Enterprises Pvt. Ltd. ("Tradeline"), seeks an order from this Court permitting Quinn Emanuel to withdraw as counsel of record for Tradeline.

Good cause exists to grant this motion. L.R. 83-2.3.2. Here, there are four reasons requiring Quinn Emanuel's withdrawal.

First, the attorney/client relationship between Quinn Emanuel and Tradeline has been terminated pursuant to the terms of the retention agreement between the two parties. The retention agreement is protected by the attorney-client privilege. *See* Declaration of Dominic Surprenant dated August 30, 2019 ("Surprenant Decl."), ¶2. Quinn Emanuel will submit it to the Court for *in camera* review if the Court so requests.

Second, Quinn Emanuel is not getting any of its fees and expenses paid; Tradeline's Managing Partner has represented to the undersigned that it is insolvent; and in addition, the funding agreement that was used to finance the litigation has been exhausted. Surprenant Decl., ¶ 3. Courts have found that good cause is shown in these circumstances, even in the absence of client consent.[1]

Three, it is the undersigned's understanding that Tradeline has agreed to Quinn Emanuel's withdrawal. Surprenant Decl., ¶ 4.[2] The fact that Tradeline consents to the withdrawal is an

---

[1] *See, e.g.*, *Lempert v. Campbell*, 112 Cal. App. 4th 1161, 1173 (Cal. Ct. App. 2003) ("'It is generally recognized that the failure or refusal of a client to pay or secure the proper fees or expenses of the attorney after being reasonably requested to do so will furnish grounds for the attorney to withdraw from the case.'") (quoting *People v. Prince*, 268 Cal. App. 2d 398, 406 (Cal. Ct. App. 1968)); *Arch Ins. Co. v. Allegiant Prof. Bus. Servs.*, No. CV 11-1675 CAS (PJWx), 2012 WL 1745585, *1 (C.D. Cal. May 16, 2012) (declaration demonstrating client's failure to pay legal fees "made a sufficient showing of good cause"); *Pension Plan v. Yubacon Inc.*, No. C-12-0473 DMR, 2014 WL 1101659 (N.D. Cal. Mar. 18, 2014) ("Courts in similar circumstances have held that failure or inability to pay for legal services constitutes good cause for withdrawal.").

[2] Because of the sensitive nature of the attorney-client relationship, Quinn Emanuel and Tradeline cannot disclose all facts related to this request for withdrawal to the public. Should the Court request specific facts, Quinn Emanuel can provide additional details *in camera* to the Court.

1 independent basis to grant this motion.  *See, e.g.*, *Fracasse v. Brent*, 6 Cal. 3d 784, 790 (1972) ("It has long been recognized in this state that the client's power to discharge an attorney, with or without cause, is absolute").

Four, quite apart from the foregoing, with the Ninth Circuit's affirmance of the defense judgment, Quinn Emanuel needs to withdraw as counsel to Tradeline, in that there now exists an actual conflict between Tradeline and the funder, as Tradeline would benefit (as least theoretically) if the funder became a judgment debtor.  However, as courts have persuasively held, the communications between a funder and litigation counsel are protected by privilege.  *See, Odyssey Wireless, Inc. v. Samsung Elecs. Co., Ltd*, No. 315CV01735HRBB, 2016 WL 7665898, at *5 (S.D. Cal. Sept. 20, 2016) (and cases cited therein); *Lambeth Magnetic Structures, LLC v. Seagate Tech. (US) Holdings, Inc.*, No. CV 16-538, 2018 WL 466045, at *5 (W.D. Pa. Jan. 18, 2018); *In re Int'l Oil Trading Co., LLC*, 548 B.R. 825, 831 (Bankr. S.D. Fla. 2016).  Quinn Emanuel cannot be adverse to a party with whom it has had privileged communications in the case at bar.

Granting this motion and permitting Quinn Emanuel leave to withdraw will not prejudice Tradeline or any other party.  Tradeline agreed in the retention agreement that, under present circumstances, the attorney-client relationship between it and Quinn Emanuel is terminated.  Defendants can pursue discovery against the funder, if such discovery is (as it has yet to be) determined to be appropriate.

## CONCLUSION

For the foregoing reasons, Quinn Emanuel respectfully requests that the Court grant this Motion.

Dated:  August 30, 2019

QUINN EMANUEL URQUHART & SULLIVAN. LLP

By  *Dominic Surprenant*
Dominic Surprenant
Attorneys for Plaintiff Tradeline Enterprises Pvt. Ltd.

## DECLARATION OF DOMINIC SURPRENANT

I, Dominic Surprenant, declare as follows:

1. I am a member of the bar of the State of California and Partner at Quinn Emanuel Urquhart & Sullivan, LLP ("Quinn Emanuel"), attorneys for plaintiff Tradeline Enterprises Pvt. Ltd. ("Tradeline"). I make this declaration of personal, firsthand knowledge, and if called and sworn as a witness, I could and would testify competently thereto.

2. The attorney-client relationship between Quinn Emanuel and Tradeline has been terminated by the express terms of the retention agreement dated August 6, 2019; the agreement, however, is protected as strictly confidential by its terms and by the attorney-client privilege and the attorney work product doctrine. Quinn Emanuel will provide the retention agreement to the Court for *in camera* review if the Court so requests.

3. Quinn Emanuel has not been paid its fees or expenses for several months. The funding agreement that financed the litigation is exhausted, and it is my understanding from my discussions with Prashant Palayam, the Managing Director and Founder of Tradeline, that the company is insolvent.

4. I advised Mr. Palayam in a telephonic exchange in approximately the third week of July 2019 that Quinn Emanuel's representation had been terminated by the express provisions of the retention agreement, which I confirmed in another telephonic exchange on or about August 20, 2019. I also provided Mr. Palayam written notice that Tradeline could not appear pro se. Hence, Quinn Emanuel has satisfied Local Rule 83-2.3.4 (firm must inform client in writing that a corporation cannot appear pro se) and Professional Rule 3:700(A) (withdrawing firm must provide notice to client with sufficient time for client to obtain new counsel if desired).

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on this 30th day of August, 2019, at Los Angeles, California.

_____
Dominic Surprenant